**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| STEWART SMITH, individually and on behalf of all others similarly situated, | : : : | Civil File No. |
| Plaintiff, | : : : | |
| v. | : : : | **COMPLAINT – CLASS ACTION** |
| GUIDED INSURANCE GROUP INC. | : : : | |
| Defendant. | : : | |

**Preliminary Statement**

1.     As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.     The Plaintiff Stewart Smith alleges that Guided Insurance Group Inc. ("Guided Insurance ") made unsolicited pre-recorded telemarketing calls without their prior express consent and that he received those calls.

3.     Because these calls were transmitted using technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

4.     A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5.     Plaintiff Stewart Smith is an individual.

6.     Defendant Guided Insurance Group Inc. is a corporation located in this District.

**Jurisdiction & Venue**

7.     The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8.     The Court has personal jurisdiction over Defendant because it is headquartered in this District.

9.     Venue is proper under 28 U.S.C. § 1391(b) because the calls at issue were made into this District.

**TCPA Background**

10.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The TCPA prohibits automated calls to cellular telephones</u>

11.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A).

12.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

13.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14115 ¶ 165 (2003).

15.     In 2012, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition,

3

the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 FCC Rcd 1830, 1844 (2012) (footnotes omitted).

### **Factual Allegations**

16.     Guided Insurance offers insurance services.

17.     To generate leads, Guided Insurance makes telemarketing calls to consumers who have never had a relationship and who have never consented to receive their calls.

18.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

19.     Plaintiff's telephone number (267)-716-XXXX, is assigned to a cellular telephone service.

20.     That number is used for personal purposes.

21.     That number is also on the National Do Not Call Registry, and has been since June 11, 2010.

22.     Despite this, the Defendant placed pre-recorded calls to the Plaintiff on at least June 2, 19, 20, 27 and July 17, 2023.

23.     The recorded message inquired about the availability of insurance and funeral expenses.

24.     The calls were clearly pre-recorded based on (a) the unnatural pause prior to the beginning of the message (b) the monotone nature of the recording used (c) the non-personalized; and nature of the solicitation.

25.     The Caller ID for almost all of the calls was "spoofed" to make it appear that it was coming from a local (267) number.

26.     This is a further indication of the *en masse* nature of the calling that was done.

27.     During the July 17, 2023 call, the Plaintiff responded to the recorded message.

28.     The Plaintiff was informed that he was speaking with Beau Grunstad.

29.     That is an employee of the Defendant.

30.     Mr. Grunstad continued to promote the Defendant's insurance services and made multiple follow up calls regarding their services.

31.     Indeed, Mr. Grunstad provided the defendant's website of guidanceinsurancegroup.com in his follow up calls.

32.     Plaintiff's privacy has been violated by the above-described telemarketing calls.

33.     The Plaintiff never provided his consent or requested these calls.

34.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls.  In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication.

## Class Action Allegations

35.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

36.     Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

37.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Pre-Record Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their cellular telephone (3) from or on behalf of Sabal Media, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

> **National Do Not Call Registry:** All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation telemarketing call from or on behalf of Sabal Media (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

38.     Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

39.     The Plaintiff is a member of and will fairly and adequately represent and protect the interests of these Classes as he has no interests that conflict with any of the class member

40.     Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

41.     This Class Action Complaint seeks injunctive relief and money damages.

42.     The Classes as defined above are identifiable through dialer records, other phone records, and phone number databases.

43.          Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class.

44.          The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

45.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

46.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

47.     There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

    a.   whether a pre-recorded message was used to send calls;

    b.   whether multiple telemarketing telephone calls were made promoting the goods or services to members of the National Do Not Call Registry Class;

    c.   whether the telemarketing calls at issue were made to Plaintiff and members of the Classes without first obtaining prior express written consent to make the call;

    d.   whether Defendant's conduct constitutes a violation of the TCPA; and

    e.   whether members of the Classes are entitled to treble damages based on the willfulness of Defendant' conduct.

48.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Statutory Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq.) on behalf of the Robocall Classes**

49. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

50. The Defendant violated the TCPA by or causing to be sent via pre-recorded calls to the cellular telephones of Plaintiff and members of the Robocall Class using a pre-recorded message without their prior express written consent.

51. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. The Plaintiff and Robocall Class Members are entitled to an award of treble damages if their actions are found to have been knowing or willful.

53. Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Jared's Lead's from using a pre-recorded voice in the future, except for emergency purposes.

## SECOND CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(d))**
**on behalf of the National Do Not Call Registry Classes**

54. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

55. The Defendant violated the TCPA and the Regulations by making two or more telemarketing calls within a 12-month period to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

56.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

57.     Plaintiff and Class Members are entitled to an award of treble damages if their actions are found to have been knowing or willful.

58.     Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting Sabal Media from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.      Injunctive relief prohibiting Jared's Lead's from calling telephone numbers advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry or to any cellular telephone numbers using a prerecorded voice in the future;

B.      As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of up to treble damages, as provided by statute, of $1,500 for each and every violation of the TCPA;

C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.      Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.


PLAINTIFF,
By his attorneys,

/s/ *Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com